1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley Lynn Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com

Attorneys for Plaintiffs, Cecil Campbell and Deann Campbell

*All Additional Counsel Listed on Following Page.*

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL CAMPBELL and DEANN CAMPBELL, individually and on behalf of a class of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, a Delaware limited liability corporation; AND DOES 1-100,<br><br>Defendants. | CASE NO: 8:20-cv-1695<br>**CLASS ACTION** COMPLAINT FOR:<br><br>1. **BREACH OF CONTRACT;**<br><br>2. **VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE [CAL. CIV. CODE §§ 1788 ET SEQ.] ;**<br><br>3. **VIOLATION OF UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200 et seq;**<br><br>4. **VIOLATION OF CONSUMER LEGAL REMEDIES ACT [Cal. Civ. Code §§ 1770 et seq.;**<br><br>5. **UNJUST ENRICHMENT; AND**<br><br>6. **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. §§ 1692, ET SEQ.]**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

**Additional Counsel for Plaintiffs and the Putative Class:**

**BRADLEY/GROMBACHER, LLP**
Robert N. Fisher (Ca. Bar No. 302919)
246 5th Avenue, Suite 522
New York, NY 10001
Telephone: (646) 443-6235
E-Mail: rfisher@bradleygrombacher.com

**LEXICON LAW, PC**
John R. Habashy, Esq. (SBN 236708)
Tiffany N. Buda, Esq. (SBN 232679)
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Tel:  (213) 223-5900
Fax: (888) 373-2107
E-Mail: john@lexiconlaw.com
          tiffany@lexiconlaw.com

Plaintiffs Guadalupe Cecil Campbell and Deann Campbell ("Plaintiff" or "Campells"), on behalf of themselves and all others similarly situated, allege violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the California Unfair Competition Law ("UCL"), the Consumer Legal Remedies Act ("CLRA"), the Fair Debt Collection Practices Act ("FDCPA") and breach of contract against Rushmore Loan Management Services LLC ("Defendant" or "Rushmore"), as follows:

## NATURE OF THE ACTION

1.     Although only a quarter of U.S. consumers had a home loan in 2019, mortgage debt is the largest of all the debt types by overall volume[1]. Overall, there was $9.6 trillion in total outstanding mortgage debt in 2019, up 14% or $1.2 trillion over the past decade[2].

2.     The word mortgage literally translates to "death pledge[3]" and it often feels as such to borrowers who struggle to pay each month. Such struggle is compounded when borrowers make their mortgage payments via automated phone system or online only to incur additional, illegal, charges ("Pay-to-Pay fees" or "Speedpay fees").

3.     Rushmore claims it's "dedicated to providing outstanding loan servicing and customer support as part of our commitment to uphold ethical and honest business practices. Rushmore is a customer-focused organization that believes in providing the highest level of customer care. We treat all of our customers with respect, courtesy and integrity. We understand the importance of

---

[1]  https://www.experian.com/blogs/ask-experian/research/consumer-debt-study/ (last viewed June 3, 2020)

[2] Id.

[3] https://www.businessinsider.com/mortgage-means-death-pledge-2016-3 (last viewed June 3, 2020)

CLASS ACTION COMPLAINT

homeownership and believe that open and timely communication is a key to our outstanding service.[4]"

4.      Rushmore boasts that it "encourage[s] all of our customers to visit this website to access loan information, **make payments**, download forms, or obtain answers to questions about your account."[5] Yet, when its purportedly valued customers utilize the web or phone systems to make such payments Rushmore charges these homeowners excessive fees of at least $5.00 to make simple, automated, "over-the-phone" or internet payments ("Pay-to-Pay Transaction"). Rushmore undertakes such actions despite its uniform contractual obligations to charge only fees explicitly allowed under the mortgage, applicable law, and only those amounts actually disbursed.   Such fees are not expressly authorized in the terms of standard mortgage agreements utilized by Rushmore- a fact which is not communicated to the homeowners by Rushmore despite the claimed value it places on "open communication".

5.      Such fees violate the FDCPA, RFDCPA, the UCL and the CLRA and breaches uniform covenants in mortgages by assessing fees to borrowers that are either not permitted by law or are expressly prohibited by their mortgage agreements.

6.      Even if some fees were allowed, the mortgage uniform covenants allow Rushmore to pass along only the actual cost of fees incurred by it to the borrower - here only a few cents, if any cost at all.

7.      Rushmore must be held accountable for its actions. It knowingly violated the FDCPA, RFDCPA and FHA rules by demanding excessive Pay-to-Pay fees, and breached mortgage contracts by charging fees not expressly allowed under

---

[4] https://www.rushmorelm.com/about-us/ (last viewed June 29, 2020).
[5] Id. (emphasis added)

the uniform contractual obligations contained in standard form mortgage agreements. Further, by unlawfully assessing such fees, Rushmore has engaged in unlawful, unfair and fraudulent business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL") and has violated the CLRA.

8.     On behalf of themselves and all others similarly situated, Plaintiffs seeks injunctive, declaratory, and compensatory relief against Rushmore for its violation of the FDCPA, the FDCPA, the CLRA, the UCL and breach of contract.

## PARTIES

9.     Plaintiffs are natural persons over the age of eighteen residing in Los Angeles County, California, who have a mortgage loan serviced by Rushmore on their home located in San Pedro, California.

10.     Defendant Rushmore is a multi-faceted financial services company located in Irvine, California, Dallas, Texas and San Juan, Puerto Rico.

11.     Plaintiffs do not know the true names, capacities, relationships and/or the extent of participation of Defendants DOES 1 through 100, inclusive, in the conduct alleged in this Complaint. For that reason, Defendants DOES 1 through 100, inclusive, are sued under such fictitious names. Plaintiffs pray for leave to amend this Complaint when the true names and capacities are known. Plaintiffs are informed and believe, and based thereon allege, that each fictitiously named defendant is and was responsible in some way for the alleged wage and hour violations and other wrongful conduct which subjected Plaintiffs and the Class, as defined below, to the illegal employment practices, wrongs and injuries complained of herein. All references in this Complaint to "Defendants" shall be deemed to include all DOE Defendants.

12.     Plaintiffs are informed, and believe, and thereon allege, that at all times mentioned herein, Defendants were and are the employers of Plaintiffs and all members of the Classes (as defined below).

13.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and

furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

14.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiffs alleges that all Defendants were joint employers for all purposes of Plaintiffs and all members of the Classes (as defined below).

## JURISDICTION AND VENUE

15.    This Court has subject matter over this matter under 28 U.S.C. §1331 with respect to the FDCPA claims.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16.    This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and 28 U.S.C. §§ 1331, 1332, 1446 and 1453.

17.    Plaintiffs were, and are, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to his by the California Civil Code, and California Business and Professions Code in Los Angeles County.

18.    Plaintiffs are informed and believe, and based thereon allege, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by servicing mortgages throughout Los Angeles County and throughout California and, therefore, were (and are) doing business in Los Angeles County and the State of California.

///

# APPLICABLE LAW

## *Background of FDCPA*

19.    The purpose of the Fair Debt Collection Practices Act, i.e. FDCPA, is "to eliminate abusive collection practices… and to promote consistent State action to protect consumers against debt abuses." 15 U.S.C. § 1692.

20.    The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." Id. § 1692e.

21.    The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f.

22.    The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

23.    Plaintiffs and the members of the Nationwide class as defined below are "consumers" under the FDCPA, which the FDCPA defines as "any natural person obligated or allegedly obligated to pay any debt." Id. § 1692a(3).

24.    Rushmore is a "debt collector" under the FDCPA, which the FDCPA defines  as "any person who uses [or] . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." Id. § 1692a(6).

25.    The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." Id. § 1692a(2).

26.    The Plaintiffs' mortgage loan is a "debt" under the FDCPA, which the FDCPA defines as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." Id. § 1692a(5).

27.    The Pay-to-Pay fees Rushmore charged Plaintiffs and the members of the Nationwide Class are not authorized by the uniform deed of trust – or, indeed, any standard deed of trust or mortgage.

### *The Rosenthal Act*

28.    The Rosenthal Act is "a remedial statute [that] should be interpreted broadly in order to effectuate its purpose." (*See People ex rel. Lungren v. Superior Court*, 14 Cal.4th 294, 313, 58 Cal.Rptr.2d 855, 926 P.2d 1042 (Cal. 1996) ("civil statutes for the protection of the public are, generally, broadly construed in favor od that protective purpose"); *Komarova v. National Credit Acceptance, Inc.*, 95 Cal.Rptr.3d 880, 892, 175 Cal.App.4th 324, 340 (Cal.App. 1 Dist. 2009).

29.    The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or himself or others, engages in debt collection. Cal. Civ. Code § 1788.2(c).

30.    The Rosenthal Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due r owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code §1788.2(f).

31.    The Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e).

32.    The Rosenthal Act prohibits "(b) Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt expect as permitted by law." Cal. Civ. Code § 1788.14.

33.    The Rosenthal Act also makes it illegal to represent that consumer debt "may be increased by the addition of … charge if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e). ///

## FACTUAL ALLEGATIONS

34.     On or around November of 2001, the Campbells purchased a home in San Pedro, California through a loan from Novastar Mortgage, secured by a mortgage on the property (the "Mortgage Agreement").     Subsequently, the Campbells refinanced the property a few times.  In July of 2010, the Campbells went into default but a Notice of Recession was filed only twenty days later.  Again in 2019, the Campbells were in default on their mortgage.  Plaintiff is informed and believes that Rushmore was servicing the loan during the time the Campbells were in default.

35.     Rushmore has collected at least one Pay-to-Pay fee from Plaintiffs and when Plaintiffs have made such payment, Rushmore charged them fees of at least $5.00. This fee is not authorized by the deed of trust.  Plaintiffs paid and Rushmore collected Pay-to-Pay fees when Plaintiffs were in default on their mortgage.

36.     Plaintiffs' Mortgage Agreement is attached as Exhibit A.

37.     Rushmore's demand for payment of "Pay-to-Pay" fees were a direct breach of Paragraph 15 of the Mortgage Agreement, "This Security Instrument and the Secured Notes shall be governed by Federal law and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions ("Federal Law") and, to the extend Federal Law does not apply, by the law of the jurisdiction in which the Property is located." See Exhibit A, ¶15. Rushmore's collection of Pay-to-Pay fees violated both the FDCPA and Rosenthal Act.

38.     If Rushmore  is allowed to collect a fee under the auspice that it is a "legal proceeding that might significantly affect Lender's rights", Rushmore 's demand for payment of Pay-to-Pay fees were a direct breach of Paragraph 7 of the Mortgage Agreement entitled, "Lender's Rights to Protect Its Rights in the Property". Rushmore collected more than the amount it disbursed to process the Pay-to-pay transactions.

39.    By charging Pay-to-Pay fees, Rushmore has violated the "Governing Law" and "Applicable Law" provisions. Charging Pay-to-Pay fees violates the Federal FDCPA and the RFDCPA because the Mortgage Agreement does not expressly allow Rushmore to charge Pay-to-Pay fees. See 15 U.S.C. § 1692f (making it illegal to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); Cal. Civ. Code § 1788.13(e) (making it illegal to falsely represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation"). See also *Sanders v. LoanCare LLC*, No. 18-CV-09376, 2019 WL 441964, at *2 (C.D. Cal. Feb. 1, 2019) (holding that loan servicer's practice of assessing fees not expressly authorized by the plaintiff's mortgage violated the RFDCPA and FDCPA); *Bagdasaryan v. Bayview Loan Servicing, LLC*, No. CV 14-06691 SJO (VBKx), 2015 WL 13665037, at *13 (C.D. Cal. Oct. 19, 2015) (allegation that mortgage servicer charged improper fees to mortgage stated a claim under Cal. Civ. Code § 1788.13(e)). By violating federal law and the law of California, Rushmore has not only violated those statutes, but also breached the Mortgage Agreement.

40.    Because the "Governing Law" (15) and "Lender's Right to Protect its Interest in the Property" (7) provisions are contained in the Uniform Covenants section, Rushmore has breached its contract on a class-wide basis.

41.    Since Rushmore's conduct described herein violates the FDCPA and the RFDCPA, such business acts and/or practices are "unlawful" under the UCL. These violations are sufficient to support Plaintiffs' claim under the unlawful prong of the UCL.  As a result of such conduct, Rushmore has been unjustly enriched at the expense of Plaintiffs and members of the California Classes.  Specifically, Rushmore has been unjustly enriched by obtaining revenues and profits that it would not have otherwise obtained absent its false, misleading and deceptive conduct.

42.     Prior to filing this Complaint, Plaintiffs made a written pre-suit demand upon Rushmore.

43.     Rushmore was given a reasonable opportunity to cure the breaches complained of herein, but has failed to do so.

44.     Pursuant to Civil Code §1782, Plaintiffs will give Rushmore notice by letter, by certified mail, of the particular violations of Civil Code § 1770.  The Notice will request that Rushmore rectify the problems associated with the actions alleged in this Complaint, and give notice to all affected consumers of its intent to so act.

45.     Plaintiffs reserve the right to amend this Complaint to include a request for damages under the CLRA after complying with California Civil Code 1782(a) within thirty (30) days after the exhaustion of filing requirements.

46.     If Rushmore has failed to provide appropriate relief for their violations of the CLRA within 30 days of their receipt of the CLRA Demand Notice, pursuant to §§ 1780 and 1782(b) of the CLRA, Plaintiffs will be entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

## CLASS ACTION ALLEGATIONS

47.     Plaintiffs brings this action on behalf of themselves and all others similarly situated as a class action, pursuant to Fed. R. Civ. P. 23. The classes which Plaintiffs seek to represent are composed of, and defined as follows:

> **Nationwide Class:** All persons in the United States who were borrowers on residential mortgage loans to which Rushmore acquired servicing rights, and paid a fee to Rushmore for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiffs' FDCPA claim through the date a class is certified

**California Class:** All persons with a California address who were borrowers on residential mortgage loans to which Rushmore acquired servicing rights, and paid a fee to Rushmore for making a loan payment by telephone, IVR, or the internet, from four years from the filing of this complaint through the date a class is certified.

**California Subclass:** All persons with a California address who were borrowers on residential mortgage loans that were not owned by Rushmore and to which Rushmore acquired servicing rights when such loans were 30 days or more delinquent on loan payment obligations, and paid a fee to Rushmore  during the time period running from four years prior to the filing of this complaint through the date a class is certified.

48.    Class members are identifiable through Defendant's records and payment databases.

49.    Excluded from the classes are the Defendant, any entities in which it has a controlling interest; its agents and employees, and any Judge to whom this action is assigned and any number of such Judge's staff and immediate family.

50.    Plaintiffs proposes that they serve as class representatives.

51.    Plaintiffs and the Class have all been harmed by the actions of Defendant.

52.    Numerosity is satisfied. According to Rushmore 's servicing records there are thousands of class members. Individual joinder of these persons is impracticable.

53.    There are questions of law and fact common to Plaintiffs and to the Class, including, but not limited to:

    a.    Whether Rushmore assessed Pay-to-Pay feed on Class members;

    b.    Whether Rushmore breached its contracts with borrowers by charging Pay-to-Pay fees not authorized by their mortgage

agreements.

    c.   Whether Rushmore violated the RFDCPA by charging Pay-to-Pay fees not due;

    d.   Whether Rushmore violated the FDCPA by charging Pay-to-Pay fees not due;

    e.   Whether Rushmore violated the UCL;

    f.   Whether Rushmore's cost to process Pay-to-Pay Transactions is less than the amount that it charges for Pay-to-Pay fees;

    g.   Whether Plaintiffs and the Classes were damaged by Rushmore 's conduct;

    h.   Whether Rushmore violated the CLRA;

    i.   Whether Rushmore was unjustly enriched;

    j.   Whether Plaintiffs and the Classes entitled to actual and /or statutory damages as a result of Rushmore 's actions;

    k.   Whether Plaintiffs and the Classes are entitled to restitution;

    l.   Whether Plaintiffs and the Classes are entitled to attorney's fees and costs.

54.    Plaintiffs' claims are typical of the claims of the Class members. Rushmore charged them to Pay-to-Pay fees in the same manner as the rest of the Class members. Plaintiffs and the Class members entered into uniform covenants in their Mortgage Agreements that prohibit Pay-to-Pay charges or, at most, cap the amount of Pay-to-Pay fees allowed to be charged at the actual amount disbursed by Rushmore to process Pay-to-Pay Transactions.

55.    Plaintiffs are adequate class representatives because their interests do not conflict with the interests of the class members and they will adequately and fairly protect the interests of the class members. Plaintiffs have taken actions before filing this amended complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand on behalf of class members to protect the interests of the class.

56.    Plaintiffs have hired counsel that is skilled and experienced in class actions and are adequate class counsel capable of protecting the interests of the class members.

57.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

58.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I

### Breach of Contract

### On Behalf of Plaintiffs and the California Classes

59.    Plaintiffs and the members of the California Classes purchased a home subject to the Mortgage Agreement.

60.    When Rushmore became servicer of his mortgage, it became a party to the Mortgage Agreements. Thus, Rushmore entered into the Mortgage Agreements with Plaintiffs and the members of the California Classes whereby money was lent to Plaintiffs to purchase property in exchange for certain payment over time.

61.    Rushmore breached its contracts with Plaintiffs and the California Class members when it charged Pay-to-Pay fees not agreed to in the Mortgage Agreement and in excess of the amounts actually disbursed by Rushmore to pay for the cost of Pay-to-Pay Transactions.

62.    Rushmore's demand for Pay-to-Pay fees is a direct breach of Paragraph 15 of the Mortgage Agreement, "Governing Law." Paragraph 15 states that the Mortgage Agreement "shall be governed by Federal law and the Secure Notes shall be governed by and construed under federal law and, federal rules and regulations, including those for federally chartered savings Institutions ("Federal Law" and to the extent Federal Law does not apply. by the law of the Jurisdiction in which the

Property is located," i.e., California. See Exh. A ¶ 15. Charging Pay-to-Pay fees violates the Federal FDCPA and the RFDCPA because the Mortgage Agreement does not expressly allow RUSHMORE to charge Pay-to-Pay fees. See 15 U.S.C. § 1692f (making it illegal to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); Cal. Civ. Code § 1788.13(e) (making it illegal to falsely represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation").

63.     By violating the Federal FDCPA and the RFDCPA, Rushmore violated the Governing Law and breached the Mortgage Agreement.

64.     Plaintiffs and the members of the California classes were harmed in this breach.

## COUNT II

**Violation of the Rosenthal Fair Debt Collection Practices Act**

**Cal. Civ. Code §§ 1788 et seq. ("RFDCPA" or "Rosenthal")**

**On behalf of Plaintiffs and the California Class**

65.     All previous paragraphs are hereby incorporated by reference.

66.     The RFDCPA applies to Rushmore because it regularly engages in debt collection as defined by the statute. Cal. Siv. Code § 1788.2.

67.     By charging the Pay-to-Pay fee, a portion of which it retains, Rushmore acted in violation of the federal Fair Debt Collection Practices Act, which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

68.     The Mortgage Agreements of Plaintiffs and the California Class members do not expressly authorize Rushmore to collect Pay-to-Pay fees. At most,

the Mortgage Agreements permit Rushmore to collect the actual amount disbursed to process the Pay-to-Pay transactions.

69. Although the Mortgage Agreement do not expressly authorize collection of Pay-to-Pay fees. Rushmore collected such fees anyway.

70. In doing so, Rushmore violated 15 U.S.C. § 1692f.

71. The RFDCPA makes it illegal for any entity covered by the RFDCPA to violate the federal FDCPA Cal. Civ. Code § 1788.17. By violating the FDCPA, Rushmore violated the RFDCPA.

72. The RFDCPA also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

73. By assessing Pay-to-Pay fees, Rushmore represented that the mortgage loans of the Plaintiffs and the members of the California Classes that their debts may be increased by the addition of the Pay-to-Pay fees, even though Pay-to-Pay fees may not be legally added to the existing obligation.

74. This conduct violated Civil Code § 1788.13.

75. As a result of each and every violation of the RFDCPA, Plaintiffs and the California Classes are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to California Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Rushmore.

## COUNT III

### Violation of the "Unlawful" Prong of the UCL

### On behalf of Plaintiffs and the California Class and California Subclass

76. All previous paragraphs are hereby incorporated by reference.

77. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice Cal. Bus. & Prof. Code § 17200.

78. A business act or practice is "unlawful" under the UCL if it violates

14

1   any other law or regulation.

2      79.    As described in detail above, Rushmore 's conduct described herein

3   violates the RFDCPA. These violations are sufficient to support Plaintiffs' claim

4   under the unlawful prong of the UCL.

5      80.    As a result of the conduct above, Rushmore has been unjustly enriched

6   at the expense of Plaintiffs and members of the California Classes. Specifically,

7   Rushmore has been unjustly enriched by obtaining revenues and profits that it

8   would not have otherwise obtained absent its false, misleading and deceptive

9   conduct.

10      81.    Through its unlawful acts and practices, Rushmore has improperly

11   obtained money from Plaintiffs and the California Classes. As such, Plaintiffs

12   requests that the Court cause Rushmore to restore the money to Plaintiffs and the

13   California Class members, and to enjoin Rushmore from continuing to violate the

14   UCL in the future. Otherwise, Plaintiffs and the members of the California Classes

15   may be irreparably harmed and/or denied an effective and complete remedy if such

16   an order is not granted.

17
## COUNT IV

18   **Violation of The Consumer Legal Remedies Act [Cal. Civ. Code §§ 1770 et seq.**

19      (By Plaintiffs and the California Classes Against All Defendants)

20      82.    All previous paragraphs are hereby incorporated by reference as if set

21   forth at length.

22      83.    This cause of action is brought pursuant to California Civil Code §

23   1750, et seq., the Consumers Legal Remedies Act.

24      84.    Plaintiffs, as well as each member of the California Subclass,

25   constitutes a "consumer" within the meaning of California Civil Code § 1761(d).

26      85.    Defendant servicing of the mortgage constitutes "transactions" within

27   the meaning of California Civil Code § 1761(e).

28

CLASS ACTION COMPLAINT

86.     The "pay-to-pay" services provided by Rushmore constitute "services" under California Civil Code § 1761(a) and (b).

87.     The policies, acts, and practices heretofore described were intended to result in the sale of services to the consuming public and violated and continue to violate Section 1770(a)(7) of the Act, which prohibits, "[r]epresenting that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another," Section 1770(a)(14), which prohibits, "[r]epresenting that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law," and Section 1770(a)(19) which prohibits, "[i]nserting an unconscionable provision in the contract.

88.     Rushmore fraudulently deceived Plaintiffs and the California Classes. In doing so, Rushmore intentionally misrepresented and concealed material facts from Plaintiffs and the California Classes.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiffs and the California Classes and depriving them of their legal rights and money.

89.     Rushmore's actions as described hereinabove were done with conscious disregard of Plaintiff's rights and the right of the California Classes and Rushmore's actions were wanton and malicious in their concealment of the same.

90.     Pursuant to § 1780(a) of the Act, Plaintiffs seek injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Rushmore including, but not limited to, an order enjoining Rushmore from charging the "pay-to-pay fees.  Plaintiffs shall be irreparably harmed if such an order is not granted.

91.     Pursuant to Civil Code §1782, Plaintiffs will give Rushmore notice by letter, by certified mail, of the particular violations of Civil Code § 1770.  The Notice will request that Rushmore rectify the problems associated with the actions alleged in this Complaint, and give notice to all affected consumers of its intent to so act.

92.    Plaintiffs reserve the right to amend this Complaint to include a request for damages under the CLRA after complying with California Civil Code 1782(a) within thirty (30) days after the exhaustion of filing requirements.

93.    If Rushmore has failed to provide appropriate relief for their violations of the CLRA within 30 days of their receipt of the CLRA Demand Notice, pursuant to Sections 1780 and 1782(b) of the CLRA, Plaintiffs will be entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

## COUNT V

### Unjust Enrichment

### (By Plaintiffs and the Classes Against All Defendants)

94.    Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

95.    Plaintiffs bring this claim individually, as well as on behalf of members of the Nationwide Class and California Classes pursuant California law. Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state.  Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which class members will be drawn, California law applies to the claims of the Class.

96.    In the alternative, Plaintiffs bring this claim individually as well as on behalf of the California Classes.

///

97.    At all times relevant hereto, Defendants deceptively charged Plaintiffs and the Classes impermissible Pay-to-Pay fees.

98.    Plaintiffs and members of the Classes conferred upon Defendants non-gratuitous payments for the processing of their payments that they would not have due to Defendants' actions.  Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiffs and members of the Classes.

99.    Defendants have been unjustly enriched in retaining the revenues derived from the Pay-to-Pay fees charged to Plaintiffs and members of the Classes, which retention under these circumstances is unjust and inequitable.

100.    Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiffs and members of the Classes under these circumstances made Defendants' retention of the non-gratuitous benefits unjust and inequitable.  Thus, Defendants must pay restitution to Plaintiffs and members of the Classes for their unjust enrichment, as ordered by the Court.

## COUNT VI

**Violation of the Fair Debt Collection Practices Act
15 U.S.C. § 1692 et seq.
On behalf of Plaintiffs and the Nationwide FDCPA Class**

101.    All previous paragraphs are hereby incorporated by reference as if set forth at length.

102.    This action in maintainable as a nationwide class action pursuant to 15 U.S.C. § 1692K(a)(2)(b).

103.    The FDCPA makes it an illegal, unfair practice for a debt collector to undertake the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

104.   Because Rushmore regularly collects debts owed others and because it acquired the loans of Plaintiffs and the Nationwide Class members while those loans were in default, it qualifies as a debt collector under the FDCPA.

105.   The Mortgage Agreements of Plaintiffs and the Nationwide Class members do not expressly authorize Rushmore to collect Pay-to-Pay fees. At most, the Mortgage Agreements permit Rushmore to collect the actual amount disbursed to process the Pay-to-Pay transactions.

106.   Although the Mortgage Agreements do not expressly authorize collection of Pay-to-pay fees, Rushmore collected such fees anyway.

107.   In so doing, Rushmore violated 15 U.S.C. § 1692f(1).

108.   As a result of each and every violation of the FDCPA, Plaintiffs and the Nationwide Class members are entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages for knowing or willful violation in the amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3) from Rushmore.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that the court[6]:

1.   Certify the proposed Classes and Subclass;

2.   Award damages, including compensatory and exemplary damages, to Plaintiffs and the Classes in an amount to be determined at trial;

3.   Award statutory damages and/or penalties to Plaintiffs and the proposed Classes and Subclass;

---

[6] At this time, Plaintiffs do not seek any monetary relief including damages, penalties or attorneys' fees under the CLRA. Such relief will be sought later by amendment of this complaint.

4.    Permanently enjoin Rushmore from the wrongful and unlawful conduct alleged herein;

5.    Award Plaintiffs and the members of the Classes their expenses and costs of suit, including reasonable attorney's fees to the extent provided by law;

6.    Award pre- and post-judgment interest to the extent provided by law; and,

7.    Award such further relief as the Court deems appropriate.

DATED:  September 8, 2020                    **BRADLEY/GROMBACHER LLP**
                                             **LEXICON LAW, PC**


By: _____
    Marcus J. Bradley, Esq.
    Kiley Lynn Grombacher, Esq
    Robert Neil Fisher, Esq.
    John R. Habashy, Esq.
    Attorneys for Plaintiffs and the Putative Class

### DEMAND FOR JURY TRIAL

Plaintiffs and members of the Classes further demand a trial by jury on all issues so triable as a matter of right.

DATED:  September 8, 2020                    **BRADLEY/GROMBACHER LLP**
                                             **LEXICON LAW, PC**


By: _____
    Marcus J. Bradley, Esq.
    Kiley Lynn Grombacher, Esq
    Robert Neil Fisher, Esq.
    John R. Habashy, Esq.
    Attorneys for Plaintiffs and the Putative Class

CLASS ACTION COMPLAINT